UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSHUA HERNANDEZ, | ) | CASE NO. CV 14-7561-JLS (PJW) |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY PETITION |
| | ) | SHOULD NOT BE DISMISSED |
| v. | ) | |
| | ) | |
| K. HOLLAND, WARDEN, | ) | |
| | ) | |
| Respondent. | ) | |

On September 6, 2014, Petitioner signed a Petition for Writ of Habeas Corpus, which was subsequently filed in this Court, challenging a March 2011 conviction in Los Angeles Superior Court for burglary and resultant sentence of 14 years in prison. (Petition at numbered page 2.) Petitioner claims that the presence of a biased juror deprived him of a fair trial, trial counsel was ineffective for failing to object to the juror, and appellate counsel was ineffective for failing to raise the issue on appeal. (Petition at numbered pages 5, 8-16.)

For the following reasons, Petitioner is ordered to show cause why his Petition should not be dismissed because it is time-barred. State prisoners seeking to challenge their state convictions in federal habeas corpus proceedings are subject to a one-year statute of limitations. 28 U.S.C. § 2244(d). Here, Petitioner did not file a

petition for review on direct appeal in state court.  Therefore, Petitioner's conviction became final on August 21, 2012--40 days after the California Court of Appeal affirmed his conviction.  *See*, *e.g.*, *Espinoza-Matthews v. California*, 432 F.3d 1021, 1023, 1025 (9th Cir. 2005).  As such, the statute of limitations expired one year later, on August 21, 2013.[1]  *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001).  Petitioner, however, did not file this Petition until September 6, 2014, more than a year after the deadline.[2]

IT IS THEREFORE ORDERED that, no later than **October 30, 2014,** Petitioner shall inform the Court in writing why this case should not be dismissed with prejudice because it is barred by the statute of limitations.  Failure to timely file a response will result in a recommendation that this case be dismissed.

DATED: September 30, 2014

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-State Habeas\HERNANDEZ, J 7561\OSC dismiss pet.wpd

---

[1] Although the federal statute of limitations is tolled during the time an application for state post-conviction relief is pending, 28 U.S.C. § 2244(d)(2), it appears that Petitioner did not file a habeas corpus petition in state court until early in 2014, by which time the statute of limitations had already expired.

[2] Pursuant to the "mailbox rule" for prisoner filings, the Court uses the date Petitioner signed his pleadings (and presumably delivered them to prison staff for mailing) as the filing date.  *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).